UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, <br>    Secretary of Labor, <br>    United States Department of Labor, <br><br>                         Plaintiff, <br><br>                    v. <br><br> **HUNTINGTON MADDOX,** <br>    a Limited Partnership <br>    **dba, THE MADDOX APARTMENTS** <br> **HUNTINGTON SANDPIPER,** <br>    a Limited Partnership <br>    **dba, THE SANDPIPER** <br> **LAS BRISAS DEL MAR,** <br>    a Limited Partnership <br>    **dba, LAS BRISAS DEL MAR** <br> **APARTMENTS,** <br><br>                         Defendants. | Case No. SACV13-1339 CBM(PLAx) <br><br><br><br><br> **CONSENT JUDGMENT** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, HUNTINGTON MADDOX, a Limited Partnership dba, THE MADDOX APARTMENTS,  HUNTINGTON SANDPIPER, a Limited Partnership  dba, THE SANDPIPER, and LAS BRISAS DEL MAR,  a Limited Partnership dba, LAS BRISAS DEL MAR APARTMENTS (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.    The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.    Defendants    have    appeared    and    having    retained    defense    counsel

**Consent Judgment**                                                                                   Page 1 of 14

acknowledge receipt of a copy of the Secretary's Complaint. Defendants neither admit nor deny the allegations in the complaint.

C.      Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.      The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.      Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

1.      Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at

**Consent Judgment**                                                    Page 2 of 14

which he or she is employed.

2.   Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.   Defendants, jointly and severally, shall not continue to withhold the payment of $11,220.18, in overtime pay hereby found to be due under the FLSA to 6 employees, as a result of their employment by Defendants during the period of January 3, 2011 through December 23, 2012 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

4. IT IS ORDERED AND ADJUDGED that the plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $11,220.18 (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

5.   To accomplish the requirements of Paragraphs 3 and 4 Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 550 West "C" Street, Suite 990, San Diego, CA 92101:

a.      On or before October 2, 2013, a schedule in duplicate bearing the name of the Partnership Entities, the employer identification number(s), address, and phone number(s) of the defendants and showing the name, last known (home) address, phone numbers, social security number, gross backwage amount (as listed in the attached Exhibit 1), the amounts of legal deductions for social security and withholding taxes thereon (that the defendants shall pay directly to the fed-

eral and State agencies entitled thereto, when due (and, in any event, not later than one year after submitting to the plaintiff the last of the net backwage amounts due hereunder)), and the resulting net backwage amount for each person listed in the attached Exhibit 1.

b.      Prior to October 2, 2013, Defendants shall deliver to Wage and Hour a separate check or money order payable to each particular person named in the attached Exhibit 1, each of which shall be in an amount equal to 100 percent of the net back wage amount due to the particular person after making the aforementioned legal deductions (which deductions shall be submitted by Defendants to the federal and state agencies entitled to them, when due (and no later than one year after submitting to the Plaintiff the last payment due hereunder)) from the total gross back wage amount listed opposite his or her name in the attached Exhibit 1.

c.      Prior to October 2, 2013, Defendants shall deliver to Wage and Hour a separate check or money order for each person named in the attached Exhibit 1, each of which shall be made payable to the order of the particular person and each of which shall be in an amount equal to 100 percent of the total gross liquidated damages due hereunder to the particular person, i.e. an amount equal to 100 percent of the total gross amount listed opposite his or her name in the attached Exhibit 1.

d.   In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

e.   The Secretary shall allocate and distribute the funds described in paragraphs 3 and 4, less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Ex-

hibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

6.  Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record all hours worked by employees in the payroll records.

b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

d. Defendants shall pay the employees for all hours worked during a pay period and shall not "bank" any of these hours.

e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

g. Defendants shall not require employees to work "off the clock" either before or after their shift.

h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

7.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

8.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

9.   On a monthly basis the Defendants shall provide to Wage and Hour San Diego District Office the payroll records for the previous month. This provision shall be in effect for a period of 9 months from the date of entry of this Judgment by the Court.

10.   The Defendants shall hire a payroll service to prepare the payroll for the Defendants.

11.   On an annual basis, Defendants shall provide to Wage and Hour San Diego District Office copies of any and all contracts between the Defendants and their employees entered into the previous 12 months. This provision shall be in effect for a period of 3 years from the date of entry of this Judgment by the Court.

12.   On at least an annual basis, Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. For the purposes of this paragraph attorneys retained by the defendants will be considered independent third parties. The training shall address the FLSA's minimum wage, overtime, record keeping, and

anti-retaliation requirements.   All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training.   Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request.  This provision shall be in effect for a period of two years from the date entry of this Judgment by the Court.

13.    Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 2, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendants shall provide copies of Exhibit 2 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

//
//
//
//
//
//
//
//
//
//

**Consent Judgment**                                                      Page 7 of 14

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, including any which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: September 19, 2013.

_____
Consuelo B. Marshall,
U.S. District  Judge

1   For the Defendants:
2   The Defendants hereby appear,
    waive any defense herein, consent to the entry of
3   this Judgment, and waive notice by the
4   Clerk of Court:

                                            DATE
5

6

7   By: _____        8-20-13
8       HUNTINGTON MADDOX,
9       a Limited Partnership
        dba, THE MADDOX APARTMENTS
10      Title: CEO, GENERAL PARTNER

11

12  By: _____        8-20-13
13      HUNTINGTON SANDPIPER,
14      a Limited Partnership
        dba, THE SANDPIPER
15      Title: CEO, GENERAL PARTNER

16

17  By: _____        8-20-13
18      LAS BRISAS DEL MAR,
19      a Limited Partnership
        dba, LAS BRISAS DEL MAR APARTMENTS
20      Title: CEO, GENERAL PARTNER

21

22

23

24

25

26

27

28

**Consent Judgment**                                  Page 9 of 14

1  Attorneys for the Defendants,
   Call & Jensen

2

3

4

5  _____          August 20, 2013
                                              _____
6  John Egley, Attorney                                    Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                    Page 10 of 14

1

For the Plaintiff:

2

M. PATRICIA SMITH

3

Solicitor of Labor

4

JANET M. HEROLD

5

Regional Solicitor

6

DANIEL J. CHASEK

7

Associate Regional Solicitor

8

9

10

BORIS ORLOV, Attorney          Date

11

Attorneys for the Plaintiff
U.S. Department of Labor

8-26-13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                    Page 11 of 14

EXHIBIT 1

| First Name | Last Name | Back Wages | Liquidated Damages | Period Covered |
|---|---|---|---|---|
| Wilna | Fogel | $51.62 | $51.62 | 06/01/11 – 06/30/11 |
| Lestel | Medrano | $2,140.43 | $2,140.43 | 01/12/11 – 11/25/12 |
| Tina | Alexander | $1,319.57 | $1,319.57 | 01/16/11 – 10/15/12 |
| Pablo | Cruz | $4,034.85 | $4,034.85 | 01/03/11 - /12/23/12 |
| Kimberly | Nemyier | $751.47 | $751.47 | 02/14/11 – 09/16/12 |
| Sergio | Cerda | $2,922.24 | $2,922.24 | 01/03/11 – 12/15/12 |

**Consent Judgment**

EXHIBIT 2

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding HUNTINGTON MADDOX, a Limited Partnership dba, THE MADDOX APARTMENTS,  HUNTINGTON SANDPIPER, a Limited Partnership   dba, THE SANDPIPER, and LAS BRISAS DEL MAR,  a Limited Partnership dba, LAS BRISAS DEL MAR APARTMENTS from violating the overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478 and your name will be kept confidential.**

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada.  Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a HUNTINGTON MADDOX, a Limited Partnership dba, THE MADDOX APARTMENTS,  HUNTINGTON SANDPIPER, a Limited Partnership   dba, THE SANDPIPER, and LAS BRISAS DEL MAR,  a Limited Partnership dba, LAS BRISAS DEL MAR APARTMENTS, de violar los requisitos de pago de el sueldo minimo y de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (626) 966-0478.  Su llamada será confidencial.**